Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| PR RECOVERY AND DEVELOPMENT JV, LLC<br><br>DEMANDANTES APELADOS<br><br>v.<br><br>GALO NIEVES TORRES Y SU ESPOSA CLARITZA RODRÍGUEZ MERLO Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA ENTRE AMBOS<br><br>DEMANDADOS APELANTES | KLAN202400804 | *Apelación,* Procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2023CV03142<br><br>Sobre:<br><br>ACCIÓN CIVIL DE COBRO DE DINERO Y EJECUCIÓN DE HIPOTECA |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Rivera Pérez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de septiembre de 2024.

Comparece ante nos el Sr. Galo Nieves Torres y la Sra. Claritza Rodríguez Merlo mediante un recurso de apelación y nos solicitan la revisión de la *Sentencia* dictada y notificada el 1 de agosto de 2024 por el Tribunal de Primera Instancia, Sala Superior de Ponce ("TPI"), mediante la cual se declaró Ha Lugar la *Moción de Sentencia Sumaria* presentada el 23 de febrero de 2024 por la parte apelada PR Recovery and Development JV, LLC (en adelante, PR Recovery). En consecuencia, se dictó sentencia en cobro de dinero y ejecución de hipoteca en contra de los apelantes.

Por los fundamentos que expondremos, se confirma la *Sentencia* apelada.

**I**

El 19 de octubre de 2023, PR Recovery and Development JV, LLC (en adelante, PR Recovery) presentó una *Demanda* sobre cobro

de dinero y ejecución de hipoteca en contra del Sr. Galo Nieves Torres, la Sra. Claritza Rodríguez Merlo y la Sociedad de Bienes Gananciales compuesta por ambos (en adelante, parte apelante).[1]

Según se alegó en esta demanda, el 30 de octubre de 2020, PR Recovery presentó una demanda en el Caso Civil Núm. PO2020CV01804 sobre cobro de dinero y ejecución de gravamen mobiliario en contra de la deudora principal Sra. Clary G. Nieves Rodríguez h/n/c/ Vivero Frutos del Suroeste. Los aquí apelantes no fueron incluidos como partes demandadas en ese caso, a pesar de que eran garantizadores solidarios de la deuda que se pretendía cobrar, debido a las razones siguientes:

> "7. [...] [A] pesar de ser los garantizadores solidarios de la facilidad de crédito en cuestión, para ese entonces, formaban parte de un proceso de quiebras promovido por estos ante la Corte de Quiebras.
>
> 8. Específicamente, el 10 de septiembre de 2019 los garantizadores solidarios, el Sr. Galo Nieves Torres y su esposa la Sra. Claritza Rodríguez Merlo se acogieron al Capítulo 13 de la Ley de Quiebras Federal, caso número 19-05301 (la "primera quiebra"). En dicho proceso de quiebra, los garantizadores solidarios incluyeron la deuda contraída con PR Recovery la cual, ahora, es objeto de esta reclamación.
>
> 9. A la fecha de radicación de la mencionada quiebra, el balance adeudado a PR Recovery ascendía a $146,466.09. [...] A su vez, el 10 de octubre de 2019, PR Recovery presentó su reclamación número nueve (9) (Proof of Claim No. 9) ante la Corte de Quiebras por la cantidad antes relacionada.
>
> 10. Luego de varios trámites legales en la Corte de Quiebras, los garantizadores solidarios y PR Recovery acordaron, que a base del valor en el mercado de la propiedad inmueble gravada y debido a que el gravamen de PR Recovery constituye una segunda hipoteca, la partida asegurada de la deuda sería por la cantidad de $84,505.61 y la partida no asegurada de la deuda sería por la cantidad de $61,960.48.
>
> 11. A esos efectos, los garantizadores solidarios y PR Recovery firmaron un Acuerdo y, en su consecuencia, PR Recovery enmendó su reclamación ("Proof of Claim No. 9") a la partida asegurada de $84,505.61 y la partida no asegurada de $61,960.48. [...]

---

[1] Véase, el Apéndice de la *Apelación*, a las págs. 69-78.

12. De acuerdo con el plan de pago propuesto por los garantizadores solidarios, estos pagarían, en su totalidad, la partida asegurada de $84,505.61.

13. El 31 de mayo de 2022 el proceso de quiebras promovido por la parte demandada, Galo Nieves Torres y su esposa Claritza Rodríguez Merlo fue desestimado por no haber cumplido con el plan de pago acordado. Posterior a ello, el 23 de agosto de 2023, Galo Nieves Torres y su esposa Claritza Rodríguez Merlo se acogieron a un segundo Capítulo 13 de la Ley de Quiebras Federal, caso número 22-02471-MAG (la "segunda quiebra"). Dicha segunda quiebra también fue desestimada mediante Orden de fecha de 20 de septiembre de 2023, por tanto, no existe óbice para instar la presente acción.

14. La Sentencia en el Caso Civil Número PO2020CV01804 en contra de Clary G. Nieves Rodríguez h/n/c/ Vivero Frutos del Suroeste fue dictada el pasado 12 de septiembre de 2021, la cual advino final y firme. Es decir, dicha Sentencia recayó antes de que la primera quiebra promovida por los aquí demandados fuere desestimada.

15. Por tanto, dicha Sentencia recayó –y solo obliga— a Clary G. Nieves Rodríguez h/n/c/ Vivero Frutos del Suroeste. [...]

16. La Sentencia en el caso civil número PO2020CV01804 no ha sido satisfecha toda vez que, a pesar de múltiples gestiones por parte de PR Recovery para ejecutar la misma, no logró embargar o identificar fondos para satisfacer la cuantía adeudada."[2]

En la demanda del caso ante nuestra consideración, PR Recovery solicitó que se dictara sentencia a su favor condenando a la parte apelante al pago de la suma principal de $115,859.57 más los intereses, cargos por demora, penalidad, costas, gastos y honorarios de abogados pactados en el préstamo y las garantías, ya que dicha deuda no había sido satisfecha en su totalidad por la deudora principal, contra quien se dictó sentencia en el Caso Núm. PO2020CV01804. Además, PR Recovery solicitó que, una vez adviniera final y firme la sentencia sin que la parte apelante hubiese cumplido con el pago de lo adeudado, se ordenara la ejecución de las garantías.

---

[2] Véase, el Apéndice de la *Apelación,* a las pág. 70.

Luego de varios trámites procesales, el 11 de febrero de 2024, la parte apelante presentó una *Moción de Desestimación* al amparo de la doctrina de cosa juzgada en las modalidades de impedimento colateral por sentencia y fraccionamiento de la causa de acción.[3] En síntesis, la parte apelante alegó que la causa de acción de la demanda había sido resuelta por el TPI en el Caso Núm. PO2020CV01804 sobre incumplimiento de contrato de préstamo mediante una sentencia final y firme condenando a la Sra. Clary G. Nieves Rodríguez h/n/c Vivero Frutos Suroeste al pago de la misma deuda. Al respecto, la parte apelante explicó lo siguiente:

26. "El pagaré por la cantidad total de $136,555.00 también fue firmado por "Deudor" Clary G. Nieves [Rodríguez] h/n/c/ Vivero Frutos del Suroeste y "Garantizadores Solidario" Galo Nieves Torres y Claritza [Rodríguez] Merlo.

27. Por alegado incumplimiento de pago, la parte demandante, el día 30 de octubre de 2020 presentó una demanda en cobro de dinero. Ver caso número. PO2020cv01804.

28. La causa de acción de dicha demanda era por cobro de dinero por incumplimiento del contrato de préstamo.

29. La parte demandante con conocimiento expreso de que los deudores eran solidarios, decidió demandar solamente a Clary G. Nieves [Rodríguez] h/n/c/ Vivero Frutos del Suroeste por la cantidad de $61,960.48. De esta manera efectivamente la parte demandante fraccionó la causa de acción de cobro de dinero.

30. Que el día 23 de septiembre de 2021, la parte demandante obtuvo sentencia a su favor, por la causa de acción de cobro de dinero utilizando para evidenciar la deuda el pagaré principal por la cantidad total de $136,555.00, que firmaron Clary G. Nieves Rodriguez h/n/c/ Vivero Frutos del Suroeste y los "Garantizadores Solidarios" Galo Nieves Torres y Claritza [Rodríguez] Merlo.

31. En el caso de autos la parte demandante vuelve a traer la misma causa de acción por cobro de dinero y dicha causa de acción versa sobre el mismo contrato y se crea la misma identidad de partes, ya que aunque los demandados no fueron parte demandada en el caso número PO2020CV01804, si eran deudores solidarios por lo cual la causa de acción en el caso

---

[3] Véase, entrada Núm. 35 del expediente digital del Caso Núm. PO2023CV03142 en el Sistema Unificado de Manejo y Administración de Casos ("SUMAC").

PO2020CV01804 no podía ser dividida como si los deudores fuesen mancomunados.

32. Queda claro que la presente causa de acción ya se atendió en el pleito número PO2020CV01804, el cual se resolvió mediante sentencia final y firme. La parte demandante escogió demandar a un solo deudor en una obligación que era solidaria entre los deudores. De esa forma quedan liberados los demandantes en el presente pleito de la obligación original y en su consecuencia extinguiendo el accesorio que sería el gravamen hipotecario."

El 13 de febrero de 2024, PR Recovery presentó su *Oposición a Moción de Desestimación.*[4] En esta, argumentó que las reclamaciones presentadas contra un deudor no eran impedimento para que el acreedor se dirigiera posteriormente contra los demás deudores solidarios, mientras no resultara cobrada por completo la deuda.

El 23 de febrero de 2024, PR Recovery presentó además la *Moción de Sentencia Sumaria* que nos ocupa. En síntesis, PR Recovery alegó que no existía una controversia sustancial en cuanto a los hechos materiales del caso para que el tribunal dictara sentencia sumariamente a su favor sobre la totalidad de la reclamación de cobro de dinero y ejecución de hipoteca solicitada en la demanda.[5]

El 15 de marzo de 2024, se celebró una *Vista Argumentativa,* en la cual las partes tuvieron la oportunidad de argumentar a favor de sus respectivas posiciones con relación a la solicitud de desestimación presentada por la parte apelante. Luego de escuchar los argumentos de las partes, el TPI declaró No Ha Lugar dicha solicitud en corte abierta y le concedió a la parte apelante un término de treinta y cinco (35) para expresarse con respecto a la moción de sentencia sumaria presentada por PR Recovery.[6] El 2 de abril de

---

[4] Véase, entrada Núm. 36 del expediente digital del Caso Núm. PO2023CV03142 en el SUMAC.
[5] Véase, entrada Núm. 40 del expediente digital del Caso Núm. PO2023CV03142 en el SUMAC.
[6] Véase, entrada Núm. 46 del expediente digital del Caso Núm. PO2023CV03142 en el SUMAC.

2024, se emitió y notificó la *Minuta Resolución,* en la cual se redujo a escrito dicha determinación.[7]

El 19 de abril de 2024, la parte apelante presentó su *Contestación a la Demanda.*[8] En síntesis, los apelantes aceptaron las alegaciones de la demanda y levantaron varias defensas afirmativas.[9]

Tras de varios trámites procesales, la parte apelante presentó su *Moción en Oposición a Solicitud de Sentencia Sumaria y Solicitud de Sentencia Sumaria,*[10] en la que se opuso a la solicitud de PR Recovery y, en su lugar, pidió que se dictara sentencia sumaria a su favor, desestimando la reclamación en su contra. Argumentó que PR Recovery pudo haber solicitado la modificación de la orden de paralización ante el Tribunal Federal de Quiebras para evitar la fragmentación de la cuasa de acción, lo que les habría permitido obtener una sentencia sobre todos los deudores solidarios, aunque su ejecución estuviera temporalmente impedida por la orden de paralización. Además, sostuvo que se cumplían todos los requisitos necesarios para la defensa de cosa juzgada, solicitando nuevamente la desestimación total de la causa de acción.

---

[7] Véase, entrada Núm. 46 del expediente digital del Caso Núm. PO2023CV03142 en el SUMAC.

[8] Véase, el Apéndice de la *Apelación*, a las págs. 97-100.

[9] Entre estas, que tenían derecho a que el caso fuera sometido a mediación compulsoria por tratarse de la ejecución de una hipoteca constituida sobre su residencia principal; que habían estado en la mejor disposición de hacer arreglos para poder cumplir con los términos y condiciones del pagaré hipotecario; que la parte demandante no les había brindado la oportunidad de poder realizar los pagos o modificar la hipoteca, inclusive presentó la demanda durante un moratoria; prescripción; la evidencia sometida y/o documentación no cumplía con la Regla 65(F) de Evidencia; incumplimiento con el Artículo 96 de la Ley Núm. 210-2015 por no haberse presentado copia fiel del pagaré para su inspección, del aviso de demanda y de la certificación registral; transacción; impedimento colateral por sentencia; que la demanda deja de exponer una reclamación que justifique la concesión de un remedio; falta de parte indispensable, y que el reclamo es un crédito litigioso.

[10] Véase, entrada Núm. 60 del expediente digital del Caso Núm. PO2023CV03142 en el SUMAC.

El 9 de mayo de 2024, PR Recovery presentó una *Réplica a Oposición a Solicitud de Sentencia Sumaria y Solicitud de Sentencia Sumaria.*[11]

Finalmente, el 1 de agosto de 2024, el TPI dictó y notificó la *Sentencia* apelada,[12] en la cual se declaró Ha Lugar la *Moción de Sentencia Sumaria* presentada por PR Recovery. Como consecuencia, se dictó sentencia a favor del cobro de dinero y ejecución de hipoteca en contra de la parte apelante. En dicho dictamen, el TPI realizó veintidós (22) determinaciones de hechos sobre los cuales, en su opinión, no existía controversia. Finalmente, concluyó y resolvió lo siguiente:

> "Ante este escenario, no es de aplicación la doctrina de cosa juzgada, impedimento colateral por sentencia o fraccionamiento de causa de acción debido a que PR Recovery estaba impedido de demandar y emplazar a los garantizadores solidarios por encontrarse éstos en el procedimiento de quiebra.
>
> Por otro lado, la reclamación realizada por la parte demandante en el caso civil núm. PO2020CV01804 no se convirtió en un impedimento para que PR Recovery pudiera demandar a los garantizadores solidarios con el fin de cobrar le deuda por completo. Artículo 1097 del Código Civil de Puerto Rico, 31 LPRA sec. 3108. Esto debido a la posterior desestimación de los casos de quiebras de los garantizadores solidarios. En el caso de autos, quedó probado que, al 22 de febrero de 2024, la parte demandada adeudaba la suma de $115,859.57 de principal, $53,912.14 por concepto de intereses que aumentan a razón de $9.05 diarios hasta el pago total de lo adeudado. Por consiguiente, aún existe una deuda que no ha sido cobrada por completo por parte de PR Recovery. *id.* Por lo tanto, ante la falta de pago reconocida por la parte demandada en su *Contestación a la Demanda* y la *Oposición a Solicitud de Sentencia Sumaria* y la evidencia contenida en el expediente, este Tribunal concluye que la parte demandante ha probado la existencia de una deuda, que no se ha pagado la misma, que es acreedor de ésta y que la parte demandada son deudores por ser estos los garantizadores solidarios del Contrato de Préstamo. *General Electric v. Concessionarires, Inc.,* supra.
> […]
>
> Es por ello que, ante la existencia de solidaridad entre los garantizadores solidarios Sr. Galo Nieves Torres y la

---

[11] Véase, entrada Núm. 61 del expediente digital del Caso Núm. PO2023CV03142 en el SUMAC.
[12] Véase, el Apéndice de la *Apelación*, a las págs. 1-23.

> Sra. Claritza Rodríguez Merlo y la deudora Clary G. Nieves Rodríguez h/n/c/ Vivero Frutos del Suroeste y la deuda que aún no ha sido cobrada por la parte demandante, no existen hechos materiales que impidan que este Tribunal dicte Sentencia por medio del mecanismo de Sentencia Sumaria a favor de PR Recovery.
>
> Por lo antes expuesto, y por no existir hechos materiales en controversia, procede como cuestión de hecho y de derecho la **_SOLICITUD DE SENTENCIA SUMARIA_**. Por lo tanto, de conformidad con el derecho aplicable antes consignado, se declara **_HA LUGAR_** a la **_SOLICITUD DE SENTENCIA SUMARIA_** interpuesta por la parte demandante."

En desacuerdo con la determinación del TPI, la parte apelante acudió ante nos el 30 de agosto de 2024 mediante el presente recurso de apelación, en el cual señala la comisión por el TPI del error siguiente:

> Erró el Tribunal de Primera Instancia al declarar Con Lugar la Demanda en Cobro de Dinero y Ejecución de Hipoteca en este caso cuando ya previamente se había dictado Sentencia en el caso PO2020CV01804 por los mismos pagarés, lo que constituye un error de derecho bajo la doctrina de cosa juzgada en su modalidad de impedimento colateral por Sentencia.

El 12 de septiembre de 2024, la parte apelada presentó su *Oposición a Apelación.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A.

La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V., R. 36, regula lo relacionado con la moción de sentencia sumaria. Este mecanismo procesal se emplea en aquellos litigios donde no existen controversias genuinas sobre hechos materiales, por lo que la celebración de un juicio en su fondo no es necesaria, restando únicamente resolver cuestiones de derecho. *Acevedo y otros v. Depto. Hacienda y otros*, 212 DPR 335 (2023); *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 334 (2021); *León Torres v. Rivera Lebrón*, 204 DPR 20, 41 (2020); *Rodríguez García v. UCA*, 200 DPR

929, 940 (2018). Un hecho material es aquel que puede influir en el resultado de la reclamación según el derecho sustantivo aplicable. *Bobé et al. V. UBS Financial Service*, 198 DPR 6, 20 (2017). Asimismo, es esencial que la prueba que acompaña la solicitud de sentencia sumaria demuestre, de manera preponderante, que no existen controversias sobre los hechos centrales del caso. *Cruz, López v. Casa Bella y otros*, 2024 TSPR 47, 213 DPR __ (2024).

El propósito del mecanismo de la sentencia sumaria es que los pleitos civiles se resuelvan de manera justa, rápida y económica. *SLG Fernández-Bernal v. RAD-MAN et al.*, supra, pág. 335; *León Torres v. Rivera Lebrón*, supra, pág. 43. La Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, establece los requisitos y el contenido de las solicitudes de sentencia sumaria, tanto para la parte promovente como para la oposición que pueda presentar la parte adversa. *León Torres v. Rivera Lebrón*, supra, pág. 43.

Según la Regla 36.3 (e) de Procedimiento Civil, *supra*, la sentencia sumaria solicitada será dictada inmediatamente:

> "[…] si de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que como cuestión de derecho el tribunal debe dictar sentencia sumaria a favor de la parte promovente." Véase, además, *Rodríguez García v. UCA*, supra; *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664 (2018).

Como regla general, una moción de sentencia sumaria no procederá cuando: (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no hayan sido refutadas; (3) de los documentos presentados con la moción surja una controversia real sobre un hecho material y esencial, o (4) no proceda como cuestión de derecho. *S.L.G. Fernández-Bernal v. RAD-MAN et al.*, supra, págs. 335-336; *S.L.G. Szendrey-Ramos v. Consejo Titulares*, 184 DPR 133, 167 (2011).

De igual forma, la jurisprudencia reitera que el mecanismo de sentencia sumaria no es el adecuado cuando existen controversias sobre hechos materiales relacionados con elementos subjetivos, como la intención, los propósitos mentales o la negligencia. *Velázquez Ortiz v. Mun. de Humacao*, 197 DPR 656 (2017); *Const. José Carro v. Mun. de Dorado*, 186 DPR 113, 129 (2012); *Ramos Pérez v. Univisión*, 178 DPR 200, 219 (2010).

La Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V., R. 36.4, regula lo que ocurre cuando no se dicta una sentencia sumaria en su totalidad, estableciendo:

> "Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, no se concede todo el remedio solicitado o se deniega la moción, y es necesario celebrar juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad.
>
> A base de las determinaciones realizadas en virtud de esta regla, el tribunal dictará los correspondientes remedios, si alguno."

Es importante señalar que, al atender una solicitud de revisión de sentencia sumaria, los foros apelativos deben examinar el expediente *de novo* y verificar que las partes hayan cumplido con las exigencias establecidas en las Reglas de Procedimiento Civil. *S.L.G. Fernández-Bernal v. RAD-MAN et al.*, supra, pág. 338, (citando a *Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010, 1025 (2020)). Si al revisar se determina que los hechos materiales no están controvertidos, corresponde evaluar si el foro primario aplicó correctamente el Derecho. *S.L.G. Fernández-Bernal v. RAD-MAN et*

*al.*, supra; *González Santiago v. Baxter Healthcare*, 202 DPR 281, 291 (2019).

**B.**

El Tribunal Supremo ha señalado que, para que se configure la defensa de cosa juzgada, deben cumplirse los siguientes requisitos: (1) una sentencia previa válida, la cual haya adquirido firmeza y resuelto los hechos y la controversia en los méritos; (2) las partes en ambos juicios deben ser las mismas; (3) la controversia en ambos juicios debe ser la misma; (4) el remedio solicitado en el nuevo juicio debe ser análogo al solicitado en el anterior; y, (5) que las partes en ambos litigios deben haber comparecido en la misma calidad. *Figueroa Santiago et als. v. ELA*, 207 DPR 923, 933 (2021), (citando a *Beníquez et al v. Vargas et al.*, 184 DPR 210, 221-225 (2012)).

El requisito de identidad de causas se refiere al "origen de las acciones o excepciones planteadas y resueltas, y no debe confundirse con los medios de prueba ni con los fundamentos legales de las pretensiones deducidas por las partes". *Presidential v. Transcaribe*, 186 DPR 263, 275 (2012), (citando a J.M. Manresa, *Comentarios al Código Civil español*, 5ta ed. rev., Madrid, Ed. Reus, 1950, T. VIII, Vol. 2, págs. 237-42). Entiéndase, que la causa "es el motivo que tuvo el demandante para pedir". *Íd.*, citando a *Beníquez et al. v. Vargas et al.*, supra. Por otro lado, la identidad de cosas significa que el segundo pleito se refiera al mismo asunto que el primero, es decir, al mismo objeto o materia. *Íd.*

Por otro lado, la identidad de partes requiere que los litigantes hayan sido los mismos y que su comparecencia haya sido en la misma calidad. *Íd.* Finalmente, la identidad de personas se refiere a que los litigantes del segundo pleito sean causahabientes de los que contendieron en el pleito anterior, o estén vinculados a ellos por solidaridad o indivisibilidad de prestaciones. *Íd.* En cuanto a la

calidad de los litigantes, la doctrina dispone que se trata del carácter en el cual la persona comparece al pleito, ya sea como acreedor, deudor, poseedor, etc. *Presidential v. Transcaribe*, supra, pág. 274; *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR 753, 762 (1981).

Cumplidos estos requisitos, la doctrina de cosa juzgada impide que, luego de emitida una sentencia en un pleito anterior, las mismas partes vuelvan a litigar en un pleito posterior las mismas causas de acción, las controversias ya litigadas y adjudicadas, y aquellas que pudieron haber litigado. *Mun. de San Juan v. Bosque Real, S.E.*, 158 DPR 743, 769 (2003); *Acevedo v. Western Digital Caribe, Inc.*, 140 DPR 452, 464 (1996).

El fraccionamiento de la causa de acción y el impedimento colateral por sentencia son dos modalidades de la doctrina de cosa juzgada. En lo que respecta al fraccionamiento de la causa de acción, el Tribunal Supremo ha establecido que modalidad de la doctrina aplica a cualquier reclamación posterior entre las mismas partes y sobre el mismo asunto. *S.L.G. Szendrey-Ramos v. Consejo Titulares*, supra; *Abengoa, S.A. v. American Intl. Ins.*, 176 DPR 512 (2009). Si un demandante tiene varias reclamaciones derivadas de un mismo hecho y presenta una de ellas contra un demandado, no podrá interponer nuevas demandas por las reclamaciones restantes una vez finalizado el pleito. *Íd.*, págs. 277-278.

Esta doctrina tiene como objetivo promover la resolución final de las controversias judiciales y evitar las molestias continuas a una parte por la presentación sucesiva de varios pleitos relacionados con el mismo asunto. *S.L.G. Szendrey-Ramos v. Consejo Titulares*, supra. Por lo tanto, esta modalidad procede cuando el demandante obtiene una sentencia en un primer pleito, y luego radica una segunda acción contra la misma parte por otra porción de esa misma reclamación. *Presidential v. Transcaribe*, supra, pág. 278.

No obstante, se ha aclarado que esta doctrina no se extiende a partes que no fueron demandadas en el primer pleito. Además, solo se aplicará a reclamaciones que pudieron ser recobradas en la primera acción. *Íd.*

**c.**

El Tribunal Supremo ha señalado que las obligaciones pueden clasificarse como mancomunadas o solidarias, según los sujetos que integren la relación jurídica. *Otero Rivera v. Bella Retail Group, Inc. y otros*, 2024 TSPR 70, 213 DPR ___ (2024). En las obligaciones mancomunadas, la deuda se divide y cada deudor debe cumplir con su parte de manera independiente. *Íd.*; *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 375 (2012), (citando a J. Castán Tobeñas, *Derecho Civil Español*, 10ma ed., Madrid, Ed. Reus, 1967, T. III, pág. 107). En las obligaciones solidarias, cada deudor está obligado a cumplir íntegramente con la totalidad de la prestación debida. *Íd.*

La regla general en el derecho civil es que la solidaridad no se presume. *Íd.* El Artículo 1090 del Código Civil de 1930, 31 LPRA ant. sec. 3101, establece que la concurrencia de dos o más deudores en una misma obligación no implica que cada uno deba responder por la totalidad de la deuda, a menos que la solidaridad esté expresamente pactada. Este artículo establece la mancomunidad como la regla y la solidaridad como la excepción, surgiendo esta última solo cuando la obligación lo disponga expresamente. *Otero Rivera v. Bella Retail Group, Inc. y otros*, supra; *Fraguada Bonilla v. Hosp. Aux. Mutuo*, supra.

En cuanto a las acciones contra los deudores solidarios, el Artículo 1097 del Código Civil de 1930, 31 LPRA ant. sec. 3108, dispone lo siguiente:

> "El acreedor puede dirigirse contra cualquiera de los deudores solidarios o contra todos ellos simultáneamente. Las reclamaciones entabladas contra uno no serán obstáculo para las que posteriormente se

dirijan contra los demás, mientras no resulte cobrada la deuda por completo."[13]

## III

En su recurso de *Apelación*, la parte apelante señala que "[e]rró el Tribunal de Primera Instancia al declarar Con Lugar la Demanda en Cobro de Dinero y Ejecución de Hipoteca en este caso cuando ya previamente se había dictado Sentencia en el caso PO2020CV01804 por los mismos pagarés, lo que constituye un error de derecho bajo la doctrina de cosa juzgada en su modalidad de impedimento colateral por Sentencia." En su escrito, la parte apelante argumenta que PR Recovery fraccionó tanto la causa de acción como la deuda. En lugar de demandar a todos los deudores solidarios en el Caso Núm. PO2020CV01804, solo presentó su demanda contra uno de ellos; y, a pesar de que la deuda total ascendía a $136,555.00, solo solicitó cobrar $61,960.48, más los intereses y cargos adicionales, incluyendo honorarios de abogado y otros costos relacionados con la ejecución.[14] Además, la parte apelante argumenta lo siguiente:

> "Por lo cual hubo dos fraccionamientos. La parte recurrida en dicha demanda indica que la razón para no incluir a los aquí recurrentes fue que estaban en un proceso de quiebra al momento de presentar la demanda. Sin embargo a la misma vez solicitan al tribunal la ejecución de los pagarés que fueron firmados y garantizados por los aquí recurrentes. Nótese que la parte recurrente ya estaba incluyendo en su demanda una porción de la deuda que si bien no era asegurada, pero estaba incluida en el proceso de quiebra de los recurrentes. Utilizando el fraccionamiento de causa para seguir cobrando una deuda que ya estaba cubierta en un procedimiento de quiebra e intentar cobrar doble contra la parte que no estaba en quiebra. Esto asi ya que nunca modificaron su *"proof of claim"* para deducir la parte que estaban cobrando otra vez fuera de la

---

[13] De forma análoga, el Artículo 1102 del Código Civil de 2020, 31 LPRA 9061, dispone lo siguiente:
> "El acreedor puede dirigirse contra cualquiera de los deudores solidarios o contra todos ellos simultáneamente, sin que puedan oponer el beneficio de división. Las reclamaciones entabladas contra un deudor no son obstáculo para las que se dirijan posteriormente contra los demás, mientras no resulte cobrada por completo la deuda. Sin embargo, la sentencia dictada solo será ejecutable en relación con el deudor o con los deudores demandados."

[14] Véase, *Apelación*, pág. 11.

quiebra. Por otro lado, la parte recurrida también pudo pedir al Tribunal de Quiebra que modificara la paralización automática, para incluir a todos los deudores solidarios y que la cantidad que se determinará por sentencia fuera incluida en la quiebra."[15]

Finalmente, la parte apelante sostiene que en este caso se cumplen los requisitos necesarios para la aplicación de la doctrina de cosa juzgada. En ese sentido, argumenta lo siguiente:

"Como primer elemento "se adjudicó un asunto", el contrato de préstamo, y sus pagarés fueron adjudicados en un pleito anterior debido a que no fueron pagados". El segundo elemento "en una sentencia previa", se obtuvo sentencia final y firme sobre la controversia que ocupa el contrato de préstamo y los pagarés que lo garantizan. El tercer elemento "luego de haberse litigado", el caso PO2020CV01804 se resolvió por medio de sentencia sumaria por no existir controversias en los hechos. El cuarto elemento es "entre las mismas partes", sobre este elemento se cumple con el requisito de identidad de partes cuando de la obligación surge expresamente que los deudores son solidarios. El quinto elemento es que "el hecho adjudicado es esencial para un segundo pleito", el hecho adjudicado sobre el contrato de préstamo y los pagarés que se atendió en el caso PO2020CV01804 es el mismo que el que se adjudica en el caso de autos, son dos pagarés que garantizan un contrato de préstamo."[16]

Examinadas *de novo* las solicitudes de sentencia sumaria presentadas por las partes, acogemos y hacemos nuestras las determinaciones de hechos formuladas por el Tribunal de Primera Instancia, al no existir controversia sustancial sobre los mismos. Según expusimos, en las obligaciones solidarias, el acreedor puede exigir el cumplimiento íntegro de la obligación a cualquiera de los deudores solidarios. *Otero Rivera v. Bella Retail Group, Inc. y otros*, supra; *Fraguada Bonilla v. Hosp. Aux. Mutuo*, supra. De hecho, aunque el acreedor tiene la opción de ejercitar su causa de acción contra todos los deudores solidarios, no existe límite alguno para hacerlo de manera individual. Además, el Artículo 1097 del Código Civil, *supra,* dispone expresamente que "[l]as reclamaciones

---

[15] *Íd.*
[16] *Íd.*, págs. 13-14.

entabladas contra uno no serán obstáculo para las que posteriormente se dirijan contra los demás, mientras no resulte cobrada la deuda por completo." De esta manera, se reconoce que el acreedor puede exigir el cumplimiento de la obligación restante a otro deudor solidario si el deudor inicialmente demandado no cumple con la totalidad de la deuda. Es decir, el acreedor tiene derecho a continuar exigiendo el pago hasta recibir el monto total adeudado.

En el presente caso, concluimos que no procede la defensa de cosa juzgada, tras evaluar los criterios establecidos para su aplicación. Esta doctrina no encuentra cabida en situaciones de este tipo, ya que la obligación solidaria permite reclamar la deuda a cualquiera de los deudores de manera independiente, hasta que sea satisfecha por completo. Por lo tanto, no se puede argumentar que el asunto ya fue resuelto de manera definitiva en un proceso anterior, debido a que la reclamación al deudor solidario sigue siendo válida hasta que se cumpla totalmente con la deuda.

Resolvemos que no se cometió el error señalado por la parte apelante en su recurso de *Apelación*. Al no existir controversia sobre los hechos materiales del caso, determinamos que el Tribunal de Primera Instancia actuó de manera correcta al dictar sentencia sumaria en cobro de dinero y ejecución de hipoteca a favor de la parte apelada.

**IV**

Por los fundamentos expuestos, se confirma la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones